DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Lucas County Court of Common Pleas, where a jury found appellant, Richard Peace, guilty of felonious assault. Because there was sufficient evidence upon which to support appellant's conviction, and the conviction was not against the manifest weight of the evidence, we affirm.
On March 26, 1999, appellant entered the home of former girlfriend, Sheri Hartford, located in Toledo, Ohio. Appellant went to recover some belongings that he had left behind. While the specific facts are greatly disputed, what generally transpired once appellant entered the residence was as follows: appellant and Allen Hunter, Sheri Hartford's fiancé, got into an altercation. During the course of the altercation, appellant cut Hunter several times with a work knife which he carried in his pocket. Appellant, in turn, suffered a large wound to the back of his head when Hunter hit him with an axe handle. At some point during this episode, Sheri Hartford called 911 for assistance. Police arrived on the scene and arrested appellant, charging him with aggravated burglary, pursuant to R.C. 2911.11(A)(1) and felonious assault, pursuant to R.C. 2903.11(A)(2). Appellant pled not guilty to both charges.
On July 19, 1999, appellant stood trial before a jury on both charges. At trial, Sheri Hartford testified that appellant entered the house without permission and, once inside, provoked an altercation between himself and Hunter. Hartford testified that appellant began arguing with Hunter who tried to avoid the situation by retreating into the kitchen. Appellant, nevertheless, pulled a knife on Hunter, trapping him between the kitchen and the dining room. After appellant first slashed Hunter, Hunter used an axe handle from behind the front door to defend himself. Hartford also testified that she called 911 after appellant shoved her out of the way and cornered Hunter between the kitchen and dining room. Hunter corroborated Hartford's testimony.
Officers Bills and Herrick testified that they were dispatched to the scene of the occurrence. Neither officer observed what happened inside the residence. Upon arriving at the scene, however, they saw the two men scuffling on the front lawn. Upon noticing the officers, appellant ran from the scene, but was chased and apprehended by Officer Bills. During the chase, appellant dropped the knife which was later recovered by Officer Herrick. Officer Herrick questioned Hunter and Sheri Hartford at the scene of the incident. Hartford and Hunter's statements of what occurred inside the home were consistent with their testimony at trial.
Detective Campbell who interviewed all of the parties involved in the incident also testified at trial. Campbell stated that the trial testimonies of Hunter and Hartford were consistent with the information they gave him in their interviews. Detective Campbell also stated that when he interviewed appellant, appellant told him that he did not have a knife in his possession the night of the incident.
At trial, appellant testified that he did not make an unwelcomed entry into Hartford's home, but that he was invited inside. He also stated that Hunter hit him from behind with the axe handle because Hunter did not want him in the home or around Sheri Hartford. Appellant stated that he used his knife in self-defense, after Hunter hit him with the axe handle. Appellant did, however, admit that he lied to Detective Campbell when he told him that he did not have a knife in his possession that night. Appellant's knife, the axe handle, a recording of the 911 call and a transcript of the call were also entered into evidence.
While the jury found appellant not guilty of aggravated burglary, it did find him guilty of felonious assault[1]. It is from this judgment that appellant appeals, setting forth the following assignments of error:
 "Defendant-Appellant's Conviction is Supported by Insufficient Evidence and is therefore a Denial of Due Process."
 "Defendant-Appellant's Conviction is Against the Manifest Weight of the Evidence."
 I.
In his first assignment of error, appellant claims that his conviction was not supported by sufficient evidence. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991)61 Ohio St.3d 259, 273 (quoting State v. Eley (1978) 56 Ohio St.2d 169). The inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Id. Unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts, the verdict will not be disturbed. Id. (quoting Jackson v. Virginia (1979) 443 U.S. 307).
R.C. 2903.11, the felonious assault statute, in pertinent part states:
"(A) No person shall knowingly * * *:
"* * *
 "(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."
In order to sustain its burden of proof, the prosecution need only show that appellant knowingly caused or attempted to cause physical harm to another by use of a deadly weapon or dangerous ordnance. The testimonies of Hunter and Hartford, the knife and the photographs were sufficient evidence to prove that appellant knowingly caused physical harm to another by means of a deadly weapon. Therefore, upon reviewing the record, we conclude that there was sufficient evidence to support appellant's conviction of felonious assault. Accordingly, appellant's first assignment of error is not well-taken.
 II.
In his second assignment of error, appellant claims that his conviction was against the manifest weight of the evidence. "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Tompkins (1997)78 Ohio St.3d 380, 387 (quoting State v. Martin (1983),20 Ohio App.3d 172, 175). When an appellate court reverses a trial court's judgment on the basis that the verdict was against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony.Id. (quoting Tibbs v. Florida (1982) 457 U.S. 31, 42).
After reviewing the record, we conclude that based on the testimonies of Hunter, Hartford, and Detective Campbell, and the 911 call, it was reasonable for the jury to infer that appellant committed felonious assault. We cannot say the jury's guilty verdict constituted a manifest miscarriage of justice, warranting a reversal of appellant's conviction and a new trial. Therefore, we conclude that appellant's conviction was not against the manifest weight of the evidence. Accordingly, appellant's second assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. The cost of this appeal is assessed to appellant.
James R. Sherck, J., Richard W. Knepper, P.J., George M. Glasser, J., JUDGES CONCUR.
 ____________________________ JUDGE
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] On August 6, 1999, appellant was sentenced to four years in prison.